IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARK A. REYNOLDS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 15-CV-26-NJR |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Criminal No. 11-30027-NJR |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Currently before the Court is a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Mark Reynolds (Doc. 1). The Court has carefully considered the briefs and all the exhibits submitted by the parties, and for the reasons set forth below, the motion is dismissed as untimely.

### FACTUAL AND PROCEDURAL HISTORY

On February 24, 2011, Mark Reynolds was charged by indictment with one count of enticement of a minor in violation of 18 U.S.C. §§ 2422(b) and 2260A and one count of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). *United States v. Reynolds*, SDIL Case No. 3:11-cr-30027, Doc. 1.[1] The enticement charge is at issue in the current proceedings. The indictment specifically charged:

> On or about the 13th day of January, 2011, in Madison County, in the Southern District of Illinois, Mark A. Reynolds, defendant herein, did knowingly use any facility of interstate and foreign commerce, to

---
[1] A superseding indictment was filed in March 2011 with only a minor change to Count 2 regarding the name of the pornographic file Reynolds allegedly received. SDIL Case No. 3:11-cr-30027, Doc. 16.

1

> knowingly persuade, induce, entice, and coerce any individual who had not attained the age of 18 years to engage in any sexual activity for which any person could be charge with a criminal offense, that is, the production of child pornography, in violation of Title 18, United States Code, Section 2251(a); all in violation of Title 18, United States Code, Section 2422(b); in further violation of Title 18, United States Code, Section 2260A.

*Id.* at Docs. 1, 16.

Reynolds pleaded guilty to both the enticement charge and the receipt of child pornography charge, and as part of his plea, he entered into a stipulation of facts with the Government. SDIL Case No. 3:11-cr-30027, Docs. 26, 27. The stipulation indicates that, in January 2011, while Reynolds was registered as a sex offender, he engaged in sexually explicit conversations over the internet with a 16-year-old female. *Id.* He sent the girl photos of a nude penis, and at his request, the girl sent him photos of her breasts and genitalia. *Id.* Reynolds stipulated that the photo of the girl's genitalia constituted child pornography and that "[b]y using the internet, which is a facility of interstate commerce, to persuade, induce, or entice [the girl] to send him the pictures . . . [he] could have been charged with Production of Child Pornography, in violation of 18 U.S.C. § 2251(a)." *Id.* Reynolds further stipulated that a number of images and videos of child pornography were found on various electronic devices seized from his house. *Id.*

On August 8, 2011, Reynolds was sentenced by District Judge G. Patrick Murphy to a total term of 360 months' imprisonment.[2] SDIL Case No. 3:11-cr-30027, Doc. 40. More specifically, Reynolds was sentenced to 240 months on Count 1, to run

---

[2] Judge Murphy retired in December 2013. The criminal case, No. 11-30027-GPM, was transferred to the undersigned upon the filing of this §2255 motion.

2

concurrently with a term of 180 months on Count 2. *Id.* at Doc. 43. And, because Reynolds was a registered sex offender at the time he committed his federal crimes, the Court imposed an additional mandatory term of 120 months pursuant to 18 U.S.C. § 2260A, which had to run consecutive to the sentences imposed on Counts 1 and 2. *Id.* at Doc. 43; *see also id.* at Docs. 33, 52. Judgment was entered on August 11, 2011. *Id.* at Doc. 43. Reynolds did not file a notice of appeal. On January 9, 2015, approximately three and a half years after he was sentenced, Reynolds filed this § 2255 motion.

In his motion, Reynolds claims his attorney and the prosecutor both misrepresented to him that his conduct as alleged in the indictment constituted enticement of a minor and violated § 2422(b) regardless of whether or not "he physically touched a minor or took substantial steps to accomplish touching a minor" (Doc. 1). Reynolds claims the Seventh Circuit's decision in *United States v. Taylor*, 640 F.3d 255 (7th Cir. 2011), dictates that an individual cannot be convicted of enticing a minor to engage in a criminal sexual activity under § 2422(b) unless the individual attempts or intends physical contact with the victim. Reynolds also claims that his attorney misadvised him that he was subject to a mandatory 120-month consecutive sentence under 18 U.S.C. § 2260A. Reynolds now believes the enhanced penalty under § 2260A was illegally imposed because it was not charged as a separate offense in the indictment. Based on these purported misrepresentations, Reynolds contends that he received ineffective assistance of counsel when he was advised to plead guilty to the charge of enticement and, as part of his plea, to waive his right to appeal or collaterally attack his conviction and sentence.

The Government responded and asked the Court to dismiss Reynolds's motion because it is (1) untimely, (2) barred by the appellate and collateral review waiver in the plea agreement, and (3) meritless (Doc. 5). Reynolds then filed a reply, arguing that his motion was timely under 28 U.S.C. § 2255(f)(4), or in the alternative, that he is entitled to equitable tolling of the limitations period (Doc. 7). Reynolds further argues that the waiver in his plea agreement is not enforceable and that he, in fact, received ineffective assistance of counsel (Doc. 7).

## LEGAL STANDARD

28 U.S.C. § 2255 requires a court to vacate, set aside, or correct the sentence of a prisoner in custody if it finds that "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007) (citing *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006)). Thus, it "is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citations omitted).

## DISCUSSION

### A. Request for Counsel

Before turning to the § 2255 motion, the Court must address Reynolds's pending motion for appointment of counsel (Doc. 8). A litigant is not entitled to appointed

counsel in a federal post-conviction proceeding. *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987); *Powell v. Davis,* 415 F.3d 722, 727 (7th Cir. 2005). However, a district court has the discretion to appoint counsel if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997) (citing *LeClair v. United States*, 374 F.2d 486, 489 (7th Cir. 2967)). The court will abuse its discretion in denying a request for counsel only "if, given the difficulty of the case and the litigant's ability, [he] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have had a reasonable chance of winning with a lawyer at his side." *Winsett*, 130 F.3d at 281 (internal alterations and citation omitted). Ordinarily, the litigant must make some effort to obtain counsel on his own, or demonstrate that he has been effectively precluded from doing so, before seeking the appointment of counsel by the Court. *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007).

    Here, Reynolds's motion is only one sentence long and he simply asks the Court to appoint counsel (Doc. 8). He makes no mention of why he believes he needs an attorney. He also makes no mention of whether he has made any effort to obtain counsel on his own or been hindered in his efforts to do so. The Court notes that this matter was already fully briefed by the time Reynolds asked for counsel (*see* Docs. 1, 5, and 7). Reynolds's filings demonstrate that he is informed about the facts and proceedings and able to coherently present his arguments. As is detailed below, Reynolds's petition is untimely and there is nothing before the Court to suggest that appointed counsel could have changed that. Under these circumstances, Reynolds's request for counsel is denied.

**B. Timeliness**

The Court chooses to first address whether the § 2255 motion is timely. The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes that prisoners have a one-year limitations period in which to file a habeas corpus petition. 28 U.S.C. § 2255(f). The one-year period begins to run from the latest of:

(1) the date on which the judgment of conviction become final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Ordinarily, the limitations period is governed by subsection (f)(1) and runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). In this case, the judgment of conviction was entered on August 11, 2011, and it became final fourteen days later when the time to file a notice of appeal expired. *See Clarke v. United Sates*, 703 F.3d 1098, 1100 (7th Cir. 2013) ("the sentence did not become final until the deadline for filing a notice of appeal expired); FED. R. APP. P. 4(b) (providing that a defendant's notice of appeal must be filed in the district court within fourteen days of the entry of judgment). Reynolds did not file his § 2255 motion until January 9, 2015, well past the usual one-year deadline.

Recognizing that his motion is untimely under subsection (f)(1), Reynolds contends that his deadline is instead governed by subsection (f)(4). Under subsection (f)(4), the one-year limitations period begins to run from "the date on which the facts supporting the claim or claims presented [by the § 2255 motion] could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Reynolds argues that the one-year limitations period began to run on October 28, 2014, which is the date he "discover[ed] that he did not commit the crime alleged in count 1 of the indictment (Enticement of a Minor) . . . after discussing his case with a paralegal and law clerk housed at FCC Petersburg Medium" (Doc. 1, p. 11). Reynolds believes that he did not commit the crime of enticement based on the Seventh Circuit's decision in *United States v. Taylor*, 640 F.3d 255 (7th Cir. 2011). Reynolds's argument, stated differently, is that the one-year limitations period did not begin to run until the date on which he learned about the *Taylor* decision.

A court decision can only serve as "fact" within the meaning of § 2255(f)(4) if it is handed down within the petitioner's "own litigation history [and] change[s] his legal status." *Lo v. Endicott*, 506 F.3d 572, 575–576 (7th Cir. 2007). For example, in *Johnson v. United States,* the defendant was convicted of a federal drug charge and received an enhanced sentence as a career offender based on two prior Georgia drug convictions. 544 U.S. 295, 298–99 (2005). More than a year after his federal conviction became final, he filed a § 2255 petition contending that his enhanced sentence was no longer valid because one of his predicate state court drug convictions had been vacated. *Id.* at 301. The Supreme Court concluded that the vacatur qualified as a "fact" for purposes of

7

subsection (f)(4), noting "[w]e commonly speak of the 'fact of a prior conviction,' and an order vacating a predicate conviction is spoken of as a fact just as sensibly as the order entering it. In either case, a claim of such a fact is subject to proof or disproof like any other factual issue." *Id.* at 302, 306–07.

Conversely, a court decision "modifying substantive law" does not constitute a "fact" sufficient to justify a new one-year limitations period. *Lo*, 506 F.3d at 576. For example, in *Lo v. Endicott*, the petitioner argued that the Wisconsin Supreme Court's decision in *State v. Head*, 648 N.W.2d 413 (Wis. 2002), constituted a new "factual predicate" under § 2244(d)(1)(D), thereby triggering a new one-year limitations period. 506 F.3d 572, 574 (7th Cir. 2007).[3] The Seventh Circuit disagreed. In *State v. Head*, the Wisconsin Supreme Court redefined the state's burden of proof and changed what the state had to show in order to disprove the defense of imperfect self-defense in a prosecution for first-degree intentional homicide. *Lo*, 506 F.3d at 574–75 (citing *Head*, 648 N.W.2d at 437). "Unlike the state court vacatur in *Johnson, State v. Head* was not a fact within Lo's own litigation history that changed his legal status." *Lo*, 506 F.3d at 575. And while "[t]he Wisconsin Supreme Court's clarification of the law . . . could arguably help Lo's claim . . . that does not make the decision a fact subject to proof or disproof."

---

[3] Even though *Lo v. Endicott* involves the limitations period in § 2244(d)(1)(D) for habeas motions by state prisoners, it is still instructive here because that statute is "the almost identical counterpart" to § 2255(f)(4) and "[t]he Supreme Court has interpreted the statute of limitations provisions of § 2244 and § 2255 in concert with one another." *Lo*, 506 F.3d at 575 n.2 (citing *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 402 (2001)).

8

*Id.* [4] As the Fourth Circuit explained, "this point is illustrated by the simple observation that '[w]e would never . . . ask a jury to decide whether a judicial decision had indeed changed a state's law in the relevant way, nor would the parties introduce evidence on the question.'" *Whiteside v. United States*, 775 F.3d 180, 183 (4th Cir. 2014) (quoting *Shannon v. Newland*, 410 F.3d 1083, 1088–89 (9th Cir. 2005)). The Seventh Circuit further noted in *Lo* that "[t]o suggest, as [the petitioner] does, that any decision by any court on any issue could constitute a 'factual predicate' would swallow up the specifically delineated limitations in § 2244(d)(1)(C)," which is "the primary vehicle through which court decisions restart the limitations period [and] provides that the decision must involve a constitutional right recognized by the Supreme Court, and that the Court must make the right retroactively applicable to cases on collateral review." *Id.* at 575–76.

Here, Reynolds argues the one-year limitations period did not begin to run until the date on which he learned about the Seventh Circuit's decision in *United States v. Taylor*, 640 F.3d 255 (7th Cir. 2011). In *Taylor*, the defendant was charged and convicted of violating the federal child enticement statute, which prohibits the use of interstate commerce to entice a minor to "engage in prostitution or any sexual activity for which

---

[4] *See also Keller v. Pringle*, 867 F.3d 1072, 1075 (8th Cir. 2017) (legal decisions that "simply developed [the] law in a way that might have facilitated a legal challenge to [the petitioner's] conviction . . . are not facts subject to proof or disproof like any other factual issue" and do not constitute "factual predicates" under § 2244(d)(1)(D)); *Whiteside v. United States*, 775 F.3d 180, 183 (4th Cir. 2014) (concluding that a court decision, which "announced a generally applicable legal rule," was not a newly discovered fact sufficient to reset the statute of limitations under § 2255(f)(4)); *Madaio v. United States*, 397 F. App'x 568, 570 (11th Cir. 2010) ("[T]he discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period" under § 2255(f)(4)); *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006) (explaining that the Eighth Circuit's decision amending the juvenile delinquency statute "is a ruling exclusively within the domain of the courts and is incapable of being proved or disproved."); *Shannon v. Newland*, 410 F.3d 1083, 1089 (9th Cir. 2005) ("[T]he California Supreme Court's clarification in *Lasko* of the elements of voluntary manslaughter under California law is *not* subject to 'proof or disproof like any other factual issue.'")

9

any person can be charged with a criminal offense." *Taylor*, 640 F.3d at 256; 18 U.S.C. § 2422(b).[5] Specifically, the defendant was accused of masturbating in front of a webcam while communicating with a person he believed was a 13-year-old girl and inviting her to masturbate for him, which the Government contended violated two Indiana criminal statutes. *Taylor*, 640 F.3d at 256, 257. The defendant argued that his conduct did not constitute "sexual activity" within the meaning of the federal enticement statute because he did not make, attempt, or intend physical contact with the victim. *Id.* at 260. Because Congress did not define "sexual activity" in § 2422(b), the Seventh Circuit had to interpret the meaning of the term. *Id.* at 256. The Seventh Circuit ultimately agreed with the defendant and held that "sexual activity" in § 2422(b) requires a defendant to engage in interpersonal physical contact with a minor. *Id.* at 259.

The *Taylor* decision is clearly unrelated to Reynolds's own litigation history and had no direct effect on his legal status. Instead, the decision merely interpreted or clarified the statute under which Reynolds was convicted in a generally applicable manner. *See Taylor*, 640 F.3d 255. Therefore, the *Taylor* decision is not a "fact" that triggers a new one-year limitations period under § 2255(f)(4). And if the *Taylor* decision itself is not a "fact," then Reynolds's discovery of that decision is also not a "fact" that triggers a new one-year limitations period under § 2255(f)(4). *See Barreto-Barreto v.*

---

[5] The full statutory text reads:
> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2422(b).

10

*United States*, 551 F.3d 95, 100 n.4 (1st Cir. 2008) ("[T]he discovery of a new legal theory does not constitute a discoverable 'fact' for purposes of § 2255(f)(4)."); *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) (holding that date on which prisoner "understands what legal theories are available" does not constitute "the date on which the factual predicate of the claim or claims presented could have been discovered"); *Cosey v. United States*, No. 07-1343, 2008 WL 3876128, at *1 (C.D. Ill. Aug. 18, 2008) (rejecting petitioner's argument that the one-year limitations period should run from the date on which he discovered the basis for his claims while studying in the law library at the prison).

That is particularly true here because the *Taylor* decision was not a new case that was issued after Reynolds's conviction became final. Rather, it was issued on April 7, 2011, a few weeks before Reynolds pleaded guilty and four months before he was sentenced. Section 2255(f)(4) says the limitations period for filing a habeas petition commences when the facts "*could have* been discovered through the exercise of due diligence," not when they were actually discovered. 28 U.S.C. S 2255(f)(4) (emphasis added). Given the date on which the *Taylor* decision was issued, Reynolds certainly *could have* discovered it before he ever was sentenced for the crime of enticement, and most likely before he ever pleaded guilty to it. *See Pirtle v. United States*, No. 3:16-CV-3047, 2016 WL 3647836, at *2 (C.D. Ill. June 30, 2016) ("The Seventh Circuit has explained that even a *new* legal theory does not constitute a 'factual predicate' that can justify an untimely habeas petition. An already *existing* legal theory, then, cannot justify an otherwise untimely filing either." (citing *Lo*, 506 F.3d at 576)).

11

For these reasons, the Court finds that Reynolds's motion is untimely under § 2255(f). The untimeliness of his motion can potentially be overcome, however, by the doctrine of equitable tolling. Equitable tolling applies when the petitioner demonstrates that some "extraordinary circumstance" prevented him from filing on time and also that he diligently pursued his claim despite the obstacle. *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008) (citing *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)). Here, Reynolds simply asked the Court to "determine whether equitable tolling is necessary" (Doc. 7). He did not actually present any argument to justify the application of the doctrine (*see* Doc. 7). After reviewing the record, the Court sees nothing that would support equitably tolling the statute of limitations in this instance. *See, e.g., Tucker*, 538 F.3d at 735 ("[S]tanding alone, the lack of legal expertise is not a basis for invoking equitable tolling.").

The Court believes Reynolds's motion can be read to assert one other avenue for potentially overcoming the untimeliness of his motion: actual innocence. The Supreme Court held that "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief," including the expiration of AEDPA's one-year limitations period. *McQuiggin v. Perkins*, 569 U.S. 383, 386, 392 (2013). "The actual innocence exception is one application of the broader 'fundamental miscarriage of justice exception' to procedural default intended to ensure that 'federal constitutional errors do not result in the incarceration of innocent persons.'" *Gladney v. Pollard*, 799 F.3d 889, 895 (7th Cir. 2015) (citing *McQuiggin*, 569 U.S. at 392).

The actual innocence exception was announced in the context of habeas cases brought by state prisoners under 28 U.S.C. § 2254. *See McQuiggin*, 569 U.S. 383. Neither the Supreme Court nor the Seventh Circuit has mentioned whether the exception also extends to habeas cases brought by federal prisoners under 28 U.S.C. § 2255. *But see Williams v. United States*, No. 03-CR-795 (SJF), 2017 WL 2389580, at *3 (E.D.N.Y. June 1, 2017) (assuming *McQuiggin* "applies with equal force to habeas petitions filed by federal prisoners" because of "the similarities between the limitations language in § 2244(d)(1) and that in § 2255(f), and the overriding concern 'that federal constitutional errors do not result in the incarceration of innocent persons.'"); *Johnson v. United States*, No. 13-CV-1582, 2014 WL 1592970, at *2 (C.D. Ill. Apr. 21, 2014) (stating "there does not appear to be any principled reason" why the rationale of *McQuiggin* would not apply equally to motions under § 2255). But even if the actual innocence exception can excuse the untimeliness of Reynolds's § 2255 motion, it is not applicable here.

As previously mentioned, Reynolds claims that he is actually innocent of the crime of enticement in light of the standard articulated in *United States v. Taylor*, 640 F.3d 255 (7th Cir. 2011). Specifically, he claims that because his conduct—the production of child pornography—did not involve any actual or attempted physical contact between him and the minor victim, his conduct therefore was not "sexual activity" within the meaning of § 2422(b), and he could not be convicted of enticing a minor.

It is an open question in the Seventh Circuit whether a claim of actual innocence can be based on a change in law (particularly a change that occurred before the

petitioner was convicted), as opposed to new evidence. *Gladney v. Pollard*, 799 F.3d 889, 897 (7th Cir. 2015) ("That argument raises a new question in this circuit, which is whether the *Schlup* actual innocence standard can be satisfied by a change in law rather than new evidence.").[6] But the Court need not resolve that issue because the *Taylor* decision cannot save Reynolds. Congress did not define the term "sexual activity" as it is used in § 2422(b) other than to say that it "includes the production of child pornography." 18 U.S.C. § 2427. Therefore, Reynolds's conduct constitutes "sexual activity" under the enticement statute regardless of the rule announced in *Taylor*, making any claim of actual or legal innocence by Reynolds meritless.

In conclusion, Reynolds's § 2255 motion is time-barred, and neither equitable tolling nor the actual innocence exception excuses the untimeliness of his motion. Thus, his petition must be dismissed with prejudice. In light of this conclusion, the Court need not address the merits of Reynolds's ineffective assistance claims or whether the collateral review waiver in his plea agreement bars those claims.

## CERTIFICATE OF APPEALABILITY

---

[6] There is split amongst the federal circuit courts on this question. *See Jones v. Calloway*, 842 F.3d 454, 461 (7th Cir. 2016) (emphasizing that the actual-innocence exception requires "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial . . . and [that] persuade[s] the district court that it is 'more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" (quoting *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995))). *See also Winston v. Martin*, 608 F. App'x 689 (10th Cir. 2015) ("Critically, 'actual innocence means factual innocence, not mere legal insufficiency.'" (quoting *Bousley v. United States,* 523 U.S. 614, 615 (1998))); *McKay v. United States,* 657 F.3d 1190, 1197 (11th Cir. 2011) (same), *cert. denied,* 568 U.S. 830 (2012). *But see Vosgien v. Persson*, 742 F.3d 1131, 1134 (9th Cir. 2014) ("One way a petitioner can demonstrate actual innocence is to show in light of subsequent case law that he cannot, as a legal matter, have committed the alleged crime."); *Phillips v. United States*, 734 F.3d 573, 581 n. 8 (6th Cir. 2013) (declining "to accept the government's suggestion that in *McQuiggin*, the Court meant to limit actual innocence claims to those instances where a petitioner presents new facts . . . and by implication to undermine those cases that have applied an equitable exception in cases where the innocence is occasioned not by new evidence but by an intervening, controlling change in the law as applied to a static set of facts").

Should Reynolds desire to appeal this Court's ruling dismissing his motion, he must first secure a certificate of appealability. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). The Court declines to issue a certificate of appealability because reasonable jurists would not debate that Reynolds's motion is time-barred. *See Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) ("[W]e will grant a certificate of appealability only if the prisoner demonstrates 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000))).

## CONCLUSION

Mark Reynolds's Motion for Appointment of Counsel (Doc. 8) is **DENIED**. His Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED with prejudice** because it is untimely. The Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

**DATED: March 12, 2018**

s/ Nancy J. Rosenstengel
**NANCY J. ROSENSTENGEL**
**United States District Judge**

# NOTICE

If Reynolds wishes to contest the Court's Order denying his § 2255 petition, he has two options. He can ask the Seventh Circuit to review the Order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Reynolds chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 60 days* from the entry of judgment or order appealed from. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Reynolds files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

Additionally, Reynolds will only be allowed to proceed on his appeal if he obtains a certificate of appealability. Here, the undersigned District Judge has already declined to issue a certificate of appealability. Thus, Reynolds must request a certificate of appealability from the Court of Appeals pursuant to Federal Rule of Appellate Procedure 22 and 28 U.S.C. § 2253(c), in addition to filing his notice of appeal.

The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Reynolds cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues

Reynolds plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

On the other hand, if Reynolds wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 60-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal, which will expire 60 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor,* 556 F.2d 818,

819–20 (7th Cir. 1977). Again, the deadline for filing a notice of appeal can be extended only on a written motion by Reynolds showing excusable neglect or good cause.